**Regina Lynn VILLONE,**
**Plaintiff–Appellant,**

v.

**UNITED PARCEL SERVICE,**
**INC., Defendant–Appellee.**

No. 11–17418.

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 24, 2013.*

Filed Oct. 4, 2013.

Regina Lynn Villone, Camp Verde, AZ, pro se.

David T. Barton, Benjamin J. Naylor, Esquire, Quarles & Brady, LLP, Phoenix, AZ, for Defendant–Appellee.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Before: RAWLINSON, N.R. SMITH, and CHRISTEN, Circuit Judges.

MEMORANDUM ***

Regina Lynn Villone appeals pro se from the district court's summary judgment in her employment action against United Parcel Service, Inc. ("UPS") alleging discrimination and retaliation in violation of the Americans with Disabilities Act ("ADA"). We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Kaplan v. City of N. Las Vegas,* 323 F.3d 1226, 1229 (9th Cir.2003), and we affirm.

The district court properly determined that Villone's disability discrimination claim arising out of UPS's alleged acts in 2006 is time-barred because Villone filed her lawsuit more than ninety days after the Equal Employment Opportunity Commission's ("EEOC") June 26, 2007 right to sue letter. *See* 42 U.S.C. § 12117 (ADA incorporates Title VII procedures); *Edwards v. Occidental Chem. Corp.,* 892 F.2d 1442, 1445 (9th Cir.1990) ("An action brought under Title VII must be filed within ninety days of receipt of a right to sue letter from the EEOC or appropriate state agency.").

The district court properly granted summary judgment on Villone's remaining disability discrimination claim because Villone failed to raise a genuine dispute of material fact as to whether she was "disabled"

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

within the meaning of the ADA. *See Kaplan*, 323 F.3d at 1231 (discussing definition of "disability" under the ADA, including being "regarded as" having a disability); *see also Walton v. U.S. Marshals Serv.*, 492 F.3d 998, 1006 (9th Cir.2007) (to show that she is "regarded as" having a disability, "a plaintiff must show that her employer regards her as substantially limited in a major life activity and not just unable to meet a particular job performance standard").

The district court properly granted summary judgment on Villone's retaliation claim because Villone failed to raise a genuine dispute of material fact as to whether UPS took an adverse employment action against her or whether there was a causal connection between her protected activity and the alleged adverse actions. *See Pardi v. Kaiser Found. Hosps.*, 389 F.3d 840, 849–50 (9th Cir.2004) (discussing prima facie case of retaliation under the ADA).

We do not consider arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n. 2 (9th Cir.2009) (per curiam).

**AFFIRMED.**